**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CARL LANE,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-07-0177 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **DORINA VARNER,** | : |
| | : |
| Defendant. | : |

**MEMORANDUM AND ORDER**

**Background**

Carl Lane, an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as the sole Defendant is Dorina Varner, Grievance Coordinator at the State Correctional Institution at Huntingdon, Pennsylvania. In the complaint, Lane contends that Varner placed him on grievance restriction solely for the purpose of retaliating against him for exercising his right to seek redress by filing grievances and giving notice of his intent to file a civil rights action in violation of the First Amendment. On February 20, 2007, service of the complaint was directed. (Dkt. Entry 7.) On April 6, 2007, prior to the filing by Defendant of any response to the complaint, Lane filed an amended complaint. (Dkt. Entry 10.) Pursuant to Federal Rule of Civil

Procedure 15(a), this complaint then became the standing complaint in the action.[1]

On April 20, 2007, Defendant filed a motion to dismiss the original complaint. (Dkt. Entry 13.) A supporting brief was thereafter submitted. This motion will be dismissed without prejudice as the matter no longer proceeds on the original complaint, but rather currently proceeds on the amended complaint filed as of right.

On May 4, 2007, Lane filed a motion for leave to file a second amended complaint. (Dkt. Entry 14.) A brief in support of the motion was also filed at that time. (Dkt. Entry 15.) A proposed second amended complaint was filed on May 21, 2007. (Dkt. Entry 17.) No opposition has been filed by Defendant to the motion. For the reasons that follow, the motion will be granted.

**Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure provides this Court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

---

[1] Pursuant to Fed. R. Civ. P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Despite this general liberality, the Supreme Court enumerated specific factors that may justify the denial of leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,  undue prejudice to the opposing party, [and] futility of amendment."  Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002).  A denial of leave to amend where none of these factors is present is an abuse of discretion.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment."  Cornell & Co., 573 F.2d at 823.

In reviewing Plaintiff's motion, he gives no indication in what way he seeks to amend his complaint.  He merely requests leave to do so.  In reviewing his proposed second amended complaint, and comparing it with the standing complaint in this matter, the changes he seeks to make are few.  He still names only the original Defendant, Dorina Varner, and sets forth the same claims.  He changes a date in "Section IV. Exhaustion of Administrative Remedies," from January 5, 2005 to January 5, 2007.  He also slightly rewords several paragraphs of the complaint, and changes the order of his pages.[2]  Other than these changes, the complaints are virtually the same.

---

[2] In the standing complaint (Dkt. Entry 10), the pages are out of order.

No reasons exist in this action to deny Plaintiff's request for leave to amend. There is no evidence of undue delay, bad faith or undue prejudice to Varner in allowing the amendment. The only documents filed by Defendant thus far in the case are the motion to dismiss the original complaint and brief in support thereof, which became moot when the amended complaint as of right was filed. Accordingly, the motion for leave to amend will be granted. Defendant will be afforded twenty (20) days within which to file a response to the second amended complaint.

**ACCORDINGLY, THIS 20th DAY OF AUGUST, 2007, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to Dismiss the Complaint (Dkt. Entry 13) is **dismissed without prejudice**.

2. Plaintiff's Motion for Leave to Amend the Complaint (Dkt. Entry 14) is **granted**. The proposed amended complaint submitted by Plaintiff on May 21, 2007 (Dkt. Entry 17) is now the standing complaint in this action.

3. Within twenty (20) days from the date of this Order, Defendant shall file a response to the amended complaint, which may include a motion to dismiss.

4.  Plaintiff's Motion for Ruling on the Motion to Amend (Dkt. Entry 23) is **dismissed as moot**.

        **s/ Thomas I. Vanaskie**
        Thomas I. Vanaskie
        United States District Judge