IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL LANE,                              :
                                        :
    Plaintiff,                          : CIVIL NO. 3:CV-07-0177
                                        :
  vs.                                   : (JUDGE VANASKIE)
                                        :
DORINA VARNER,                          :
                                        :
    Defendant.                          :

# M E M O R A N D U M

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Carl Lane, an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania. The matter proceeds on a second amended complaint. (Dkt. Entry 17.) Dorina Varner, Grievance Coordinator at the State Correctional Institution at Huntingdon, Lane's former place of incarceration, is named as the sole Defendant. Plaintiff contends that Varner violated his constitutional rights when she placed him on an unsubstantiated grievance restriction in retaliation for filing a grievance (#171261), and expressing his intent to file a civil rights action on the basis of retaliation. Before the Court for consideration is Defendant's Motion to Dismiss the second amended complaint. (Dkt. Entry 25.) The motion is fully briefed and, for the reasons that follow, will be granted.

I.  Background

On December 4, 2006, Plaintiff filed an Official Inmate Grievance with Defendant complaining about the actions of R.M. Kough, Educational Director at SCI-Huntingdon. In the grievance, Plaintiff claimed that Kough threatened him with fabricated misconduct reports if he filed another grievance regarding the library. In the grievance, Plaintiff also gave notice of his intent to file a civil action against Kough for retaliation. Plaintiff admits in his complaint that he had previously filed four (4) grievances against Kough regarding the library services at SCI-Huntingdon. Plaintiff alleges that Defendant received the December 4, 2006 grievance on the same date and assigned it as No. 171261.

The following day, Plaintiff states that Defendant retaliated against him for filing the 12/4/05 grievance and giving notice of his intent to file a federal lawsuit by placing him on grievance restriction for ninety (90) days, the maximum time allowed. Plaintiff argues that he was unfairly placed on grievance restriction in that his grievance history failed to meet the criteria set forth in DC-ADM 804 VI(e)(1) for placing an inmate on grievance restriction, i.e., that he had not filed more that five (5) frivolous or fabricated grievances within a thirty (30) day period.

On December 14, 2006, Plaintiff appealed the grievance restriction to the Superintendent at SCI-Huntingdon, James L. Grace. On January 5, 2007, Grace agreed with Plaintiff's position, and lifted the grievance restriction. The filing of this civil rights action

2

alleging retaliation followed.  As relief, Lane seeks damages.

II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.   When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  As such, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 127 S.Ct. at 1969; see also Montville Twp. v. Woodmont Builders LLC, 244 Fed. Appx. 514, 517 (3d Cir. 2007).

III.    Discussion

Defendant moves to dismiss the complaint on the basis that Plaintiff fails to state a First Amendment claim of retaliation.  The First Amendment to the United States Constitution

protects an individual's right "to petition the Government for a redress of grievances." U.S. Const. Am. 1.  The amendment, however, provides protection beyond proscribing the abridgment of an individual's right to petition the government; it also prohibits the government from retaliating against an individual who has elected to exercise his or her constitutional rights. See, e.g., Rankin v. McPherson, 483 U.S. 378, 383-84 (1987); Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).  Although rights are diminished in the prison environment, a prisoner does not relinquish First Amendment rights the moment he sets foot in the institution. See Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

In Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001), the Court of Appeals for the Third Circuit set forth the elements of a prisoner's claim for retaliation.  "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Id. at 333.  In this matter, Lane contends he was subjected to retaliation because he filed an administrative grievance and threatened to file a federal civil rights lawsuit.  The filing of an administrative grievance and a lawsuit are constitutionally protected conduct.  See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000); Brooks v. Smith, No. Civ. A. 3:04-2680, 2007 WL 3275266, at *18 (M.D. Pa. Nov. 6, 2007).  Defendant concedes that Lane engaged in constitutionally protected conduct.  Accordingly, Lane has met the first element of a retaliation claim.

Next, the prisoner must prove he suffered some "adverse action." Rauser, 241 F.3d at 333. Action is adverse if it "'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" Id. (quoting Allah, 229 F.3d at 225).  The alleged retaliatory conduct may be actionable even though, standing alone, it does not transgress the Constitution. Allah, 229 F.3d at 224.  Moreover, the test for adverse action is objective, not subjective, and whether the plaintiff was actually deterred by the defendant's retaliatory acts is not dispositive.  See Citizens for a Better Lawnside, Inc. v. Bryant, Civ. No. 05-4286 (RBK), 2007 WL 1557479, at *5-6 (D.N.J. May 24, 2007).  In other words, the defendant does not escape liability simply because his retaliatory acts failed to deter the plaintiff from exercising constitutional rights.  The proper focus is whether a person of "ordinary firmness" would have been deterred.

Defendant argues that dismissal is warranted because placement on grievance restriction for ninety (90) days does not constitute "adverse action."  In this regard, the facts asserted in the complaint reveal that Plaintiff was not deterred from engaging in constitutionally protected activity because he appealed the restriction to the Superintendent.  Further, as Defendant argues, courts have found that placing an inmate on grievance restriction is not the type of action that would deter a prisoner of ordinary firmness from engaging in constitutionally protected activity and, as such, fails to constitute an adverse action.  See Moore v. Sergent, 22 Fed.Appx. 472 (6th Cir. 2001); Dantzler v. Beard, No. Civ. A. 05-1143, 2007 WL 44208, at *3 (W.D. Pa. Jan. 5, 2007).

5

I concur with the holdings of these courts.  Clearly, not any action taken by prison officials suffices to support a retaliation claim.  A restriction on filing grievances certainly does not rise to the level of denial of parole and transfer to a distant prison, the adverse action in Rauser, 241 F.3d at 333, or being falsely accused of a misconduct charge that can result in extended disciplinary confinement, the adverse action in Mitchell, 318 F.3d at 530.  Accordingly, because Plaintiff cannot allege "adverse action" sufficient to support a First Amendment retaliation claim, Defendant's motion to dismiss will be granted.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LANE, | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-07-0177 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| DORINA VARNER, | : |
| | : |
| Defendant. | : |

## O R D E R

NOW, THIS 29th DAY OF FEBRUARY, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant's motion to dismiss the second amended complaint (Dkt. Entry 25) is granted.

2. The Clerk of Court is directed to mark this matter closed.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge